IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01215-WYD-KLM

GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a New York Mutual Life Insurance Corporation,

    Plaintiff/Counterclaim Defendant,

v.

SUSAN WILDS, an individual,

    Defendant/Counterclaimant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Interpleader** [Docket No. 26; Filed January 31, 2013] (the "Interpleader Motion") and the **Limited Appearance of Former Counsel of Record Regarding Attorney's Lien of Record** [#28; Filed February 15, 2013] (the "Motion for Leave to Appear") filed by Defendant/Counterclaimant's ("Wilds") former counsel, Donald F. D'Antuono and Douglas A. Turner (collectively, "D'Antuono and Turner"). Plaintiff/Counterclaimant Defendant ("Guardian") states that Wilds opposes the relief requested in the Interpleader Motion. Wilds has filed no response to the Interpleader Motion. D'Antuono and Turner filed a Response [#29] concurring in the request for interpleader, but arguing for a higher amount of accrued interest. No response has been filed to the Motion for Leave to Appear [#28]. The Court has reviewed the Interpleader Motion and the Motion for Leave to Appear, the Response, the entire docket, and the applicable law, and is sufficiently advised in the premises.

**I. Background**

This is a declaratory judgment action brought by Guardian relating to coverage pursuant to a life insurance policy. Guardian filed the Interpleader Motion pursuant to Fed. R. Civ. P. 22. Jurisdiction is premised on 28 U.S.C. § 1332, as Plaintiff's citizenship is diverse from Defendant's and the amount in controversy exceeds $75,000.00. *See Complaint* [#1] at 1-3. Guardian, a life insurance company, brought this Interpleader Motion to denounce any right to the life insurance proceeds of its insured, decedent Mark Allen ("Allen"), to deposit those proceeds with the Court, and to avoid multiple liability suits by competing parties claiming an interest in Allen's life insurance proceeds. *See Interpleader Motion* [#26] at 3-4; *see also* 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1713, at 625 (3d ed. 2001) (noting that interpleader action properly brought when "the prerequisites to rule . . . interpleader have been met by examining such things as citizenship of the litigants [and] the merits of the asserted threat of multiple vexation").

In her Answer and Counterclaims of Defendant Susan Wilds [#13], Wilds seeks, among other things, "[t]he full amount of the death benefit proceeds" of the life insurance policy issued by Guardian to Allen. *Answer and Counterclaims* [#13] at 9. Wilds also seeks "[e]conomic damages," "[n]on-economic damages," interest, and expert witness fees and costs. *Answer and Counterclaims* [#13] at 9.

In the Notice of Lien for Attorney's Fees, D'Antuono and Turner seek 33 1/3% of the life insurance proceeds. *Notice of Lien* [#25] at 1. In their Motion for Leave to Appear, D'Antuono and Turner reiterate that they do not object to the Interpleader Motion to the extent it includes "appropriate interest," *Motion for Leave to Appear* [#28] at 2, and further request a hearing regarding the Interpleader Motion and "any disposition by this Court of

the funds which are the subject of the [Interpleader] Motion." *Id.*

## II. Analysis

**A.     Interpleader Motion**

In its Interpleader Motion, Guardian states that after gaining information through discovery, it agrees to pay the full benefits available under Allen's insurance policy ($325,000), plus interest ($11,634.93), totaling $336,634.93. *Interpleader Motion* [#26] at 4. However, because Wilds' former counsel "has notified [Plaintiff] of their claim of lien on the proceeds of this matter," *see Notice of Lien for Attorney's Fees* [#25], Guardian requests interpleader "to avoid any risk . . . of duplicative or inconsistent liability." *Interpleader Motion* [#26] at 4. Guardian further requests that its declaratory judgment claim be dismissed with prejudice.

In their Response, D'Antuono and Turner argue that pursuant to Colorado Revised Statute § 5-12-102, the statutory rate of interest of 8% is applicable in this matter. *Response* [#29] at 2. Therefore, they argue "accrued interest should be in the range of $26,000." *Id.*

**1.     Rule Interpleader**

Interpleader is governed by Federal Rule of Civil Procedure 22 which allows a plaintiff who may be exposed to "double or multiple liability" to join as defendants parties who may assert any such claims against plaintiff. Fed. R. Civ. P. 22(a)(1); *see also Unum Life Ins. Co. of Am. V. Linville*, Civil Action No. 05-cv-01677-MSK-BNB, 2006 WL 2051862, at *3 (D. Colo. July 19, 2006). Here, two parties, Wilds and D'Antuono and Turner, have asserted ownership of at least part of Allen's life insurance proceeds. As a result, Guardian

may be exposed to double liability and interpleader is appropriate. *See Unum Life Ins. Co. of Am.*, 2006 WL 2051862 at *3.

"[P]rejudgment interest for damages other than those resulting from personal injuries" is governed by statutory law. *Farmers Reservoir and Irr. Co. V. City of Golden*, 113 R.3d 119, 133 (Colo. 2005). Colorado Revised Statute § 5-12-102 states:

> When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money . . . or, at the election of the claimant, [i]nterest shall be at the rate of eight percent per annum compounded annually for all moneys. . .

CRS § 5-12-102(1)-(2) (2013). Here, D'Antuono and Turner, who claim interest in a portion of the life insurance proceeds, seek interest at the statutory rate of eight percent. *Response* [#29] at 2. Therefore, the Court **GRANTS** the Interpleader Motion to the extent it seeks to deposit in the Court registry $325,000 plus interest at the statutory rate of 8%.

### 2. Dismissal With Prejudice

In the Interpleader Motion, Guardian also "requests that its declaratory judgment claim be dismissed." *Interpleader Motion* [#26] at 5. Once Guardian tenders the funds, dismissal with prejudice will be proper. *See Unum Life Ins. Co. of Am.*, 2006 WL 2051862 at *4 (granting dismissal of plaintiff's claims with prejudice); *see also American Gen. Life Ins. Co. V. Johnson*, Civil Action No. 10-cv-01593-KLM-KMT, 2010 WL 4873665, at *1 (D. Colo. Nov. 23, 2010) (finding dismissal with prejudice appropriate after plaintiff tendered funds). Because the declaratory judgment claim related to Guardian's liability, if any, pursuant to Allen's life insurance policy and Guardian now seeks to deposit in the Court registry the amount of the life insurance benefits plus interest, the Court respectfully

**RECOMMENDS** that after Guardian tenders the funds into the Court registry, the declaratory judgment claim be **DISMISSED with prejudice**.

**B.     Motion for Leave to Appear**

In their Motion for Leave to Appear, D'Antuono and Turner request a hearing regarding the Interpleader Motion and seem to request to appear in this case as an interested party.  As an initial matter, the Motion for Leave to Appear does not comply with D.C.COLO.LCivR 7.1A, which provides as follows:

> The Court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

The Motion is subject to denial on this basis alone.  Nevertheless, in the interest of expedience, the Court will consider the merits of the Motion for Leave to Appear.  To the extent the Motion for Leave to Appear is a request to appear in this action as an interested party, the Court **GRANTS** D'Antuono and Turner's request.  A hearing relating to the Interpleader Motion is unnecessary given the above analysis.  Accordingly, the Court **DENIES** the remainder of the Motion for Leave to Appear.

### III. Conclusion

IT IS HEREBY **ORDERED** that the Interpleader Motion [#26] is **GRANTED in part**. To the extent Guardian seeks to deposit in the Court registry $325,000 plus interest at the statutory rate of 8%, the Interpleader Motion is **GRANTED**.

IT IS FURTHER **RECOMMENDED** that upon tender of the funds, Guardian be deemed discharged from liability with respect to the subject funds and that Guardian's

claims be **DISMISSED with prejudice**.

IT IS FURTHER **ORDERED** that the Motion for Leave to Appear [#28] is **GRANTED in part** and **DENIED in part**. The request to appear as an interested party is **GRANTED**. The request for a hearing relating to the Interpleader Motion is **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 18, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge