IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-01215-WYD-KLM

GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a New York Mutual Life Insurance Corporation,

    Plaintiff,

v.

SUSAN WILDS, and individual,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on: (1) Plaintiff's Motion For Interpleader [ECF No. 26]; (2) Donald F. D'Antuono and Douglas A. Turner's Motion For Limited Appearance Of Former Counsel Of Record Regarding Attorney's Lien Of Record [ECF No. 28]; and, (3) Donald F. D'Antuono and Douglas A. Turner's Motion For Forthwith Hearing [ECF No. 31]. I referred Plaintiff's Motion For Interpleader [ECF No. 26] and Donald F. D'Antuono and Douglas A. Turner's Motion For Limited Appearance Of Former Counsel Of Record Regarding Attorney's Lien Of Record [ECF No. 28] to Magistrate Judge Mix. *See* ECF Nos. 27 & 30. On April 18, 2013, Magistrate Judge Mix issued a Recommendation [ECF No. 32] regarding those motions and recommends that: (1) Plaintiff's Motion For Interpleader [ECF No. 26] be granted in part; and, (2) Donald F. D'Antuono and Douglas A. Turner's Motion For Limited Appearance Of Former Counsel Of Record Regarding Attorney's Lien Of Record [ECF No. 28] be granted in part and denied in part. Magistrate Judge Mix's Recommendation [ECF No.

124] is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.

On May 2, 2013, plaintiff, Guardian Life Insurance Company of America, filed a Partial Objection To Magistrate Judge's Order And Recommendation [ECF No. 33] regarding Magistrate Judge Mix's recommendation on Plaintiff's Motion For Interpleader [ECF No. 26]. For the reasons stated below, I: (1) AFFIRM and ADOPT the sections of Magistrate Judge Mix's Recommendation [ECF No. 32] that were not objected to; (2) REJECT the portion of Magistrate Judge Mix's Recommendation [ECF No. 32] objected to by Guardian and SUSTAIN Guardian's objection; and, (3) DENY Donald F. D'Antuono and Douglas A. Turner's Motion For Forthwith Hearing [ECF No. 31].

## BACKGROUND

This suit arises out of the dispensation of proceeds from a life insurance policy. In 2010, Mark Allen, now deceased, purchased a life insurance policy from plaintiff, Guardian Life Insurance Company of America ("Guardian"). Allen named defendant, Susan Wilds, as the policy's beneficiary. Subsequent to Allen's death, Wilds sought to collect on the policy's proceeds. While reviewing Wilds's request for payment under the policy, Guardian became aware that Allen may have misrepresented material facts regarding his income in order to purchase the policy. Under this belief, Guardian filed suit on May 9, 2012, requesting that I issue a declaratory judgment that Allen's life insurance policy is void because Allen made material misrepresentations when applying for the policy which induced Guardian to wrongfully issue the policy.

On January 28, 2013, Wilds's former counsel, Donald F. D'Antuono and Douglas A. Turner ("the Interested Parties"), filed a Notice Of Lien For Attorney's Fees [ECF No.

25], stating that pursuant to a contingent fee agreement with Wilds, they are owed 33.3% percent of the life insurance proceeds as payment for their legal services. On January 31, 2013, Guardian filed a Motion For Interpleader [ECF No. 26], requesting that pursuant to Rule 22 of the FEDERAL RULES of CIVIL PROCEDURE, the life insurance proceeds, $325,000 plus the applicable rate of interest on such proceeds, be deposited with the Court registry.[1]  On February 15, 2013, the Interested Parties filed a Motion For Limited Appearance Of Former Counsel Of Record Regarding Attorney's Lien Of Record [ECF No. 28] and filed a Response to Guardian's Motion For Interpleader [ECF No. 29].  The Interested Parties agree that the policy's proceeds should be deposited into the Court registry and request a hearing regarding the dispensation of the proceeds.  The Interested Parties also argue that under Colorado state law, an 8% rate of interest should be applied to the proceeds.

On April 18, 2013, Magistrate Judge Mix issued a Recommendation [ECF No. 32] in which she recommends that:  (1) Guardian's Motion For Interpleader [ECF No. 26] be granted to the extent that Guardian seeks to deposit the life insurance proceeds *i.e.,* $325,000 plus the statutory 8% rate of interest, into the Court registry; (2) upon tender of the life insurance proceeds into the Court registry, Guardian's declaratory judgment claim should be dismissed with prejudice; and, (3) the Interested Parties'

---

[1] Pursuant to FED. R. CIV. P. 22(a)(1):

> Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
>
> > (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
>
> > (B) the plaintiff denies liability in whole or in part to any or all of the claimants.

Motion For Limited Appearance Of Former Counsel Of Record Regarding Attorney's Lien Of Record [ECF No. 28] be granted to the extent that the Interested Parties request to appear in this action, and denied to the extent that the Interested Parties request a hearing regarding the Plaintiff's Motion For Interpleader [ECF No. 26] and the disposition of the life insurance proceeds.  On May 2, 2013, Guardian filed a Partial Objection To Magistrate Judge's Order And Recommendation [ECF No. 33] objecting to Magistrate Judge Mix's recommendation that the applicable rate of interest to be applied to the life insurance proceeds is 8%.  Guardian argues that the applicable rate of interest is 3%.

## ANALYSIS

### A. Sections of Magistrate Judge Mix's Recommendation [ECF No. 32] That Are Free of Objections

No party objected to the Magistrate Judge Mix's recommendations that:  (1) the life insurance proceeds be deposited into the Court registry; (2) Guardian's declaratory judgment claim should be dismissed upon its tender of the life insurance proceeds into the Court registry; and, (3) the Interested Parties' Motion For Limited Appearance Of Former Counsel Of Record Regarding Attorney's Lien Of Record [ECF No. 28] be granted to the extent they seek to appear in this action, and denied to the extent they request a hearing on Guardian's Motion For Interpleader [ECF No. 26] and the dispensation of the life insurance proceeds.  Because these sections of the Recommendation [ECF No. 32] are free of objections, I am vested with discretion to review them "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a

magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review these sections of the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[2] Advisory Committee Notes to FED. R. CIV. P. 72(b).

Having reviewed the sections of Magistrate Judge Mix's Recommendation [ECF No. 32] that are free of objections, I am satisfied that there is no clear error on the face of the record. I find that Magistrate Judge Mix's recommendations are thorough, well-reasoned, and sound. Therefore, I AFFIRM and ADOPT the above referenced sections of the Magistrate Judge Mix's Recommendation [ECF No. 32].

## B. Guardian's Partial Objection To Magistrate Judge's Order And Recommendation [ECF No. 33]

Guardian objects to Magistrate Judge Mix's recommendation that pursuant to COLORADO REVISED STATUTE § 5-12-102, the applicable rate of interest to be applied to the life insurance proceeds is 8%. Guardian states that C.R.S. § 10-7-112 governs the dispute over the applicable interest rate, and the applicable rate of interest is 3%.

Because Guardian filed an objection to this section of Magistrate Judge Mix's Recommendation [ECF No. 32], I review it *de novo*. FED. R. CIV. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C). I must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted). Further, I am given discretion whether to "accept, reject, or modify" the recommended disposition made by Magistrate Judge Mix. FED. R. CIV. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).

---

[2] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

C.R.S. § 10-7-112 is titled "[i]nterest payable on benefits or proceeds." C.R.S. § 10-7-11(1) states, in pertinent part:

> Notwithstanding any other provision of law, each insurer admitted to transact the business of life insurance in this state **shall pay interest on the death benefits using an interest rate that is not less than the rate of interest for proceeds left on deposit with the insurer** and subject to withdrawal on demand for the period beginning at the date of death through thirty days following the date of receipt by the insurer of a complete request for payout including due proof of death.

(emphasis added). Judging by the statute's title and text, C.R.S. § 10-7-112 governs this dispute over the applicable rate of interest, rather than C.R.S. § 5-12-102, which is titled "[s]tatutory interest." *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2071 (2012) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992)) ("[I]t is a commonplace of statutory construction that the specific governs the general"). Guardian states that it used a 3% rate of interest on proceeds left on deposit with it, and argues that the same 3% rate of interest should be applied to the life insurance proceeds. ECF No. 33, p. 2, ¶ 3. Neither Wilds nor the Interested Parties responded to Guardian's objection and argument that C.R.S. § 10-7-112 governs this dispute and that the applicable rate of interest is 3%.[3] Because Wilds and the Interested Parties did not respond to Guardian's objection, I will proceed as though they do not object to Guardian's argument.

After reviewing Magistrate Judge Mix's Recommendation [ECF No. 32] regarding the applicable rate of interest *de novo*, I find that C.R.S. § 10-7-112 governs the dispute

---

[3] Subsequent to Magistrate Judge Mix issuing her Recommendation, the Interested Parties filed a Corrected Motion For Enforcement Of Charging Lien For Attorney's Fees [ECF No. 35]. However, that motion neither specifically addresses the applicable rate of interest nor does it contain a counter-argument to Guardian's objection Magistrate Judge Mix's Recommendation.

regarding the applicable rate of interest to be applied to the life insurance proceeds and the applicable rate of interest to be applied is 3%. Accordingly, I REJECT Magistrate Judge Mix's recommendation regarding the applicable rate of interest and SUSTAIN Guardian's objection.

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that the sections of Magistrate Judge Mix's Recommendation [ECF No. 32] that are free of objections are **AFFIRMED** and **ADOPTED**. Accordingly, it is

FURTHER ORDERED that: (1) Guardian's Motion For Interpleader [ECF No. 26] is **GRANTED** to the extent Guardian seeks to deposit the life insurance proceeds, including interest, into the Court registry; and, (2) **upon tender of the life insurance proceeds, including interest, into the Court registry, Guardian's declaratory judgment claim shall be DISMISSED WITH PREJUDICE**. **Guardian shall file a Status Report within 5 days of tendering the life insurance proceeds into the Court registry to apprise this Court of such action and for the record to reflect such action**. It is

FURTHER ORDERED that the Interested Parties' Motion For Limited Appearance Of Former Counsel Of Record Regarding Attorney's Lien Of Record [ECF No. 28] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that the Interested Parties seek to appear in this action. The motion is **DENIED** to the extent that the Interested Parties request a hearing regarding Guardian's Motion For Interpleader [ECF No. 26] and the disposition of the life insurance proceeds. It is

FURTHER ORDERED that the section of Magistrate Judge Mix's

Recommendation [ECF No. 32] regarding the applicable rate of interest is **REJECTED**. **Pursuant to C.R.S. § 10-7-112, a 3% rate of interest shall be applied to the life insurance proceeds, not 8%**.  Therefore, I **SUSTAIN** Guardian's Partial Objection To Magistrate Judge's Order And Recommendation [ECF No. 33].

Dated:  September 27, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge