IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01215-WYD-KLM

GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a New York Mutual Life Insurance Corporation,

    Plaintiff/Counterclaim Defendant,

v.

SUSAN WILDS, an individual,

    Defendant/Counterclaimant.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Susan Wilds' Former Attorneys' Corrected Motion for Enforcement of Charging Lien for Attorneys' Fees** [#35][1] (the "Motion"), filed by Defendant/Counterclaimant's former counsel, Donald F. D'Antuono and Douglas A. Turner (collectively, "Movants"). No response has been filed and the time to do so has elapsed. Pursuant to 28 U.S.C. § 636 (b) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition [#39].[2] The Court

---

[1] "[#35]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] A motion concerning post-judgment attorney fees is a dispositive motion which requires a recommendation from the Magistrate Judge. *Deitz v. University of Denver*, No. 95-cv-02756-WDM-OES, 2011 WL 723118, at *7 (D. Colo. Feb. 22, 2011). Here, Movants seek to enforce an attorney lien relating to pre-judgment attorney fees. However, a determination of such fees would be dispositive of Movants' claim and would directly impact Defendant's recovery. Accordingly, the undersigned assumes that the Motion is dispositive and requires a recommendation. *Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988) (a magistrate judge may issue orders on nondispositive motions only).

has reviewed the Motion, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#35] be **DENIED without prejudice**.

## I. Background

This is a declaratory judgment action brought by Plaintiff relating to coverage pursuant to a life insurance policy. On January 31, 2013, Plaintiff filed its Motion for Interpleader [#26] pursuant to Fed. R. Civ. P. 22 which was granted on September 27, 2013. *See Order* [#42]. As a result, Plaintiff deposited $336,634.93 into the Court's Registry on October 4, 2013, and denounced any right to the life insurance proceeds of its insured, decedent Mark Allen, which formed the basis of Plaintiff's claim for declaratory relief, the sole claim asserted in the Complaint [#1]. As of that date, Plaintiff's claim was dismissed with prejudice. *See Order* [#42] at 7.

On January 28, 2013, Movants filed a Notice of Lien for Attorney's Fees [#25] (the "Notice"). In the Notice, Movants state that they are entitled to "33 1/3% of the $325,000.00 life insurance proceeds offered by Plaintiff . . ., together with [ ] 33 1/3% of the offer to pay statutory interest to date." *Notice* [#25] at 1. Movants based this claim on an "executed contingent fee agreement" allegedly entered into by them and Defendant. *Id.* Movants did not attached the contingent fee agreement or any other documents to the Notice to substantiate their allegation that Defendant agreed that they are entitled to one-third of her recovery.

In the Motion [#35], Movants seek to enforce their lien and ask the Court to reduce the lien to judgment. They state that they perfected their lien through filing the Notice.

*Motion* [#35] at 2.  They argue that they are entitled to the charging lien pursuant to Colo. Rev. Stat. § 12-5-119.

## II. Analysis

Because the Motion involves an attorney's lien claim in the state of Colorado, Colorado law applies.  *Apa v. Qwest Corp.*, 402 F.Supp. 2d 1247, 1248 (D. Colo. 2005); *Donaldson, Hoffman & Goldstein v. Gaudio*, 26 P. F.2d 333, 335 (10th Cir. 1958).  Further, Movants bear the burden of demonstrating the validity of their lien.  *Bd. of Cnty Comm'rs of Jefferson Cnty v. Quaintance*, 116 Colo. 544,183 P.2d 569, 571 (1947); *In re Marriage of Mitchell*, 55 P.3d 183, 185 (Colo. App. 2002).

Pursuant to Colo. Rev. Stat. § 12-5-19, "[a]ll attorneys- and counselors-at-law shall have a lien on any money . . . [or] judgment they may have obtained or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit for any fees or balance of fees due or to become due from any client."  The lien may be perfected by filing a proper notice with the Clerk of the Court where the action is pending.  *Id.* The notice shall set "forth specifically the agreement of compensation between such attorney and his client . . ." *Id.*  The Notice sets forth that Plaintiff and Movants entered into a written fee agreement which stated that Movants would receive one-third of the $325,000.00 recovery plus one-third of the interest.  *Notice* [#25] at 1.  However, the mere filing of the Notice does not operate to foreclose or enforce the lien.  *In re Marriage of Mitchell*, 55 P.3d at 186.  To enforce the lien, the claimant must bring a "proper civil action." Colo. Rev. Stat. § 12-5-119.  A "proper civil action" includes an independent action or the filing of a motion to reduce the lien to judgment in the action giving rise to the lien claim, such as the instant Motion [#35]. *In re Marriage of Mitchell*, 55 P.3d at 185.  The proceeding to enforce a lien is equitable in

nature. *In re Marriage of Rosenberg*, 690 P.2d 1293, 1294 (Colo. App. 1984); *Fillmore v. Wells*, 15 P. 343 (Colo. 1887). Because the lien right arises only by statute, strict compliance with the statute is necessary for success. *In re Marriage of Mitchell*, 55 P.3d at 185.

Although not expressly stated in the statute, Colorado law superimposes a reasonableness standard requiring that attorney lien claims be limited to "reasonable fees and expenses." *Deitz*, 2011 WL 2559829, at *6 (applying reasonableness analysis to contingent fee agreement with certain defendants and stating "mere agreement does not make the fee charges reasonable"); *Apa*, 402 F.Supp. 2d at 1250; *In re Marriage of Shapard*, 2004 WL 2128802 (Colo. App. 2004); *People ex rel McFarlane*, 581 P.2d at 42 (statute "gives the attorney a lien on the judgment to the extent of his reasonable fees . . ."). Therefore, the lien claim is limited to a reasonable amount even if the parties agreed to a larger amount. *See AIG Annuity Ins. Co. v. Law Offices of Theodore Coates*, P.C., 478 F. App'x 484, 486 (10th Cir. April 16, 2012) (unpublished decision) (affirming district court determination that attorney charging lien was limited to the reasonable fees related to the work performed for the client); *Deitz*, 2011 WL 2559829, at *6; *People ex rel McFarlane*, 195 Colo. 38, 42, 581 P.2d 716, 718 (1978) (statute "gives the attorney a lien on the judgment *to the extent of his reasonable fees* ...") (emphasis added). Generally, reasonableness is determined by consideration of the factors listed in Rule 1.5 of the Colorado Rules of Professional Conduct. *See Losavio v. McDivitt*, 865 P.2d 934, 936 (Colo. App. 1993). This determination is a question of fact for the Court. *Madison Capital Co. LLC v. Star Aquisition VIII*, 214 P.3d 557, 560 (Colo. App. 2009). A reasonable attorney fee may also be established by calculating the lodestar amount which represents

the number of hours reasonably expended multiplied by a reasonable hourly rate. *Dubray v. Intertribal Bison Coop.*, 192 P.3d 604, 608 (Colo. App. 2008). Assuming the reasonableness of the hours and rate, the lodestar amount creates a strong presumption of reasonableness. *Spensieri v. Farmers Alliance Mut. Ins. Co.*, 804 P.2d 268, 270 (Colo. App. 1990).

Movants present no evidence to substantiate their claim of the existence of a contingent fee agreement or the reasonableness of the amount they seek. Therefore, Movants fail to meet their burden of demonstrating the validity of their lien because they fail to produce a copy of the contingent fee agreement or any other evidence substantiating their claim that they have such an agreement. Further, Movants also fail to meet the standards of D.C.COLO.LCivR 54.3, which requires that a motion for attorney's fees be supported by one or more affidavits and include:

> 1. a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and
>
> 2. a summary of relevant qualifications and experiences.

D.C.COLO.LCivR 54.3; *see Deitz*, 2011 WL 2559829, at *6.

### III. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Motion [#35] be **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  October 21, 2013　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　　　Kristen L. Mix
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge